JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 15-2177 JGB (SPx) | Date | October 29, 2015 |
|---|---|---|---|
| Title | *Eagle Vista Equities, LLC v. Duane T. Jones et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) REMANDING the Case to California Superior Court for the County of Riverside; (2) SANCTIONING Defendants in the Amount of $500 Each; and (3) VACATING the December 3, 2015 Hearing (IN CHAMBERS)

## I.    BACKGROUND

On August 21, 2014, Plaintiff Eagle Vista Equities, LLC ("Plaintiff") filed a complaint for unlawful detainer and money damages against Defendants Duane Jones and Brenda Rolph ("Defendants") in California Superior Court for the County of Riverside. ("Complaint," Doc. No. 1, Ex. A.) On July 1, 2015, Defendants removed the action to this Court. (EDCV 15-1293 JGB (SPx), Doc. No. 1.) Because the Court lacked subject matter jurisdiction over the case, the Court, on its own motion, remanded the action to California Superior Court on July 6, 2015. (EDCV 15-1293 JGB (SPx), Doc. No. 5.) On August 20, 2015, Defendants again removed the action to federal court. (EDCV 15-1682 JGB (SPx), Doc. No. 1.) On August 27, 2015, the Court again remanded the case to California Superior Court for lack of subject matter jurisdiction. (EDCV 15-1682 JGB (SPx), Doc. No. 8.) The Court cautioned Defendants that if they removed this unlawful detainer action to federal court again without alleging a proper basis for jurisdiction, the Court would issue sanctions and possibly declare Defendants vexatious litigants. (Id. at 3.)

Despite the Court's admonishment, Defendants once again removed this case to federal court on October 22, 2015. ("Notice of Removal," Doc. No. 1.) On October 28, 2015, Plaintiffs filed a motion to remand the case, ("Remand," Doc. No. 7), and a motion for sanctions and a declaration that Defendants are vexatious litigants, ("Mot. for Sanctions," Doc. No. 8).

## II.  LEGAL STANDARD

Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

## III.  DISCUSSION

Defendants again purport to remove this case on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331.  (Notice of Removal at 2-3.)  In fact, Defendants' Notice of Removal is identical to the previous two notices submitted to and rejected by this Court.  As explained in the Court's previous orders, for removal to be proper on the basis of federal question jurisdiction, a defendant must show that the plaintiff's "'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"  Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006).  "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  "A defense is not part of a plaintiff's properly pleaded statement of his or her claim."  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).

The face of Plaintiff's Complaint continues to reveal only a claim for unlawful detainer, (Complaint at 1-2), which is a California state law action, see Wells Fargo Bank v. Lapeen, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law") (citing Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010)).  Further, Plaintiff's right to relief on the unlawful detainer claim does not depend on the resolution of a substantial question of federal law.  Rather, Plaintiff will likely be entitled to judgment upon establishing that the subject property was sold in accordance with California Civil Code § 2924 and that the requisite three-day notice to quit was served upon Defendant as required by California Code of Civil Procedure § 1161a.  See Evans v. Superior Court, 67 Cal. App. 3d 162, 168 (Cal. Ct. App. 1977).

Defendants again claim that federal question jurisdiction exists because they are entitled to protection under the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5201.  (Not. of Removal at 3).  "A federal defense, however, does not confer jurisdiction on the court to hear the case."  See H.O.D. Properties, LLC v. Sarkisyan, No. 13-5624, 2013 WL 4052469, at *3; see also Wells Fargo Bank v. Lapeen, No. 11-1932, 2011 WL 2194117, at *1-2 ("[T]he

[Protecting Tenants at Foreclosure Act] only provides tenants with federal defenses to eviction but does not create a federal ejectment claim or any private right of action. . . . [A]n anticipated federal defense is not sufficient to confer jurisdiction."). Accordingly, because of the absence of a federal claim or substantial question of federal law, Defendants have not shown that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

In sum, the Court lacks jurisdiction over this unlawful detainer action, and thus removal was not appropriate.

### IV.   CONCLUSION

"If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1446(c)(4).  Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendants have not met their burden of establishing that this case is properly in federal court.  See In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  Accordingly, the Court GRANTS Plaintiff's motion to remand the case to California Superior Court for the County of Riverside.

Further, because Defendants failed to heed this Court's warning in its August 27, 2015 Order not to remove the case again without alleging a proper basis for removal, the Court SANCTIONS Defendants Duane Jones and Brenda Rolph $500 each, payable to Plaintiff Eagle Vista Equities, LLC.  Defendants not only failed to allege a proper basis for jurisdiction in their third notice of removal, but in fact filed the same notice of removal for the third time.  If Defendants remove this action to federal court again without alleging a proper basis for jurisdiction, Defendants risk even higher sanctions and a declaration that Defendant Jones and Rolph are vexatious litigants, which would prevent them from filing any actions in this Court without written authorization from a judge.  Local Rule 83-8.

For the reasons stated above, the Court REMANDS the action to the Superior Court of California for the County of Riverside.  The December 3, 2015 hearing on Plaintiff's motion to remand and motion for sanctions is VACATED.

**IT IS SO ORDERED.**